## No. 307
### CINCINNATI TRAC. CO. v. YOUNG et
#### No. 19616. Supreme Court

On motion to certify. Dock. Feb. 6, 1926; 4 Abs. 112.

**225. CHARGE TO JURY**—In an action for personal injuries received as a result of a collision between a wagon and street car at a street intersection, is it error for the court to refuse to charge the jury concerning contributory negligence when so requested by the defendant?

James Young, filed suit against the Cincinnati Traction Company, for injuries which he sustained when a wagon in which he was driving collided with a street car of the defendant company at Ninth and Elm streets in Cincinnati on December 3, 1921. The jury returned a verdict for Young for $2,000. Subsequent to the verdict but before the judgment, Young died from causes not connected with his injuries and the action was revived in the name of Phoebe Young, his wife and executrix of his estate.

Young, it seems, was driving westwardly on Ninth street and the street car was going northwardly on Elm street. Young claimed that the accident was the result of the careless manner in which the motorman operated the street car. The answer of the Company denied this negligence and then asserted that the accident was caused through the sole negligence and carelessness of the plaintiff.

At the close of the case and before the arguments to the jury, the defendant Company requested the court in writing to give the following special charge:

"The court charges you that if you find that the plaintiff was guilty of negligence that directly contributed in any degree to the happening of the collision then the plaintiff cannot recover and your verdict must be for the defendant."

The court, upon the plaintiff's request, charged the jury as follows:

"Members of the Jury: I charge you as a matter of law that the plaintiff may recover in this action, notwithstanding the fact that his own negligence exposed him to the risk of the injury of which he complains, if the defendant company or its duly authorized agents and servants in that behalf, became aware or ought to have become aware of the plaintiff's danger, failed to use ordinary care to avoid injuring him, and he was thereby injured."

The judgment of the Hamilton Common Pleas was affirmed by the Court of Appeals.

The Company, in the Supreme Court, contends:

1. The court erred in refusing to give the special charge requested by it in reference to contributory negligence. "In a collision case no recovery can be had for injuries from defendant's negligence when it appears that plaintiff's own negligence directly contributed in any degree to the injuries complained of."

2. That the court erred in giving the special charge requested by the plaintiff.

3. That the court erred in refusing to charge on the issue of contributory negligence. It is claimed that when the defendant's answer pleads a general denial; and that injuries were caused wholly by negligence of the plaintiff, it becomes the duty of the court to charge upon the issue of contributory negligence raised by the evidence.

**Attorneys**—DeCamp, Sutphin & Brumleve, for Company; B. P. Pink, for Young; all of Cincinnati.

## No. 308
### KANGESSER v. KRUSCH et
#### No. 19615. Supreme Court

On motion to certify. Dock. Feb. 5, 1926; 4 Abs. 112.

**997. REAL ESTATE**—Under the Torrens Act of Ohio, does a mortgage recorded according to the provisions of said Act, have priority over Mechanics' Liens subsequently recorded, even though labor and material were furnished by the lien claimants prior to the recording of the mortgage?

Harry A. Kangesser brought this action originally in the Cuyahoga Common Pleas to foreclose a mortgage and marshal liens; and thereby the question of priority of various liens arose. The property in question had been Torrenized before any of the liens arose.

It appears that the Standard Land Co. held legal title to 100 acres in Garfield Heights Village. The Cranwood Land Co. purchased this property under land contract. A sub-lot of this property was then sold to one Melevin by land contract.

On August 27, 1913, the Standard Land Co. gave a deed to Melevin which was filed for record with two mortgages; one to the Cranwood Co. and the other to Kangesser; and all were entered on the Torrens Certificate of Title of said property.

On October 2, 1923, the A. Teachout Co. filed a lien against the property and on October 25, 1923, one Charles Bentley filed a mortgage for record. On November 9, 1923, The Barriball Brothers Co. filed with the Recorder an affidavit to obtain a mechanic's lien and on December 20, 1923 Melevin transferred the property to Emmanuel Krusch, which deed was duly recorded on said date and noted on the Torrens Certificate of Title.

The Court of Appeals affirmed the Cuyahoga Common Pleas in finding the liens filed by the A. Teachout Co. and the Barriball Co. to have priority over the mortgages.

Kangesser takes the case to the Supreme Court on motion to certify and contends:

1. That the court erred in holding that under the Ohio Torrens Act, a mortgage given for value and recorded in accordance with the provisions of the Torrens Act is subsequent in priority to mechanic's liens recorded after the mortgage where material was furnished and labor was performed prior to the recording of the mortgage.

2. That the court erred in holding that the plaintiff was the owner of the premises upon which he held a mortgage, as there is no evidence to sustain such holding.

**Attorneys**—N. B. Howells and C. A. Riemenschneider, for Kangesser and the Cranwood Co.; Scott & Bissell, for Krusch et; all of Cleveland.